FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2018 11:59 AM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JETS, LLC, a New Mexico limited
liability company,

    Plaintiff,

v.                                                                                              No. D-202-CV-2018-05087

ROCKY MOUNTAIN MEDIA SERVICES, INC.,
a New Mexico corporation,

    Defendant.

## COMPLAINT FOR DAMAGES FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE UNFAIR PRACTICES ACT

Plaintiff Jets, LLC, by and through its attorneys, Hinkle Shanor, LLP (Benjamin F. Feuchter, Esq.) states the following as its complaint for trademark infringement and violation of the Unfair Practices Act against Defendant Rocky Mountain Media Services, Inc.:

### Parties and Jurisdiction

1. Plaintiff is a New Mexico limited liability company with its principal place of business in Albuquerque.

2. Defendant is a New Mexico corporation with its principal place of business in Albuquerque, and is subject to the Court's jurisdiction.

3. Defendant may be subjected to service of process via its registered agent, Theresa Riddle, at 9798 Coors Blvd., Bldg. C100, Albuquerque, New Mexico, 87114.

### Allegations Common to All Counts

4. Plaintiff has owned and operated a retail shoe store in the Albuquerque metropolitan area under the trade name "ABQ Comfort Shoes" since 2015. This store sells high-end, high-quality footwear.

1

EXHIBIT A

5. The "ABQ Comfort Shoes" trade name is a valid, protectable mark, and has market penetration in the Albuquerque metropolitan area sufficient to preclude junior users from using confusingly similar marks in the Albuquerque metropolitan area in the retail shoe industry.

6. In or about June 2018, Defendant opened a retail shoe store in Albuquerque under the trade name "ABQ Shoes." Upon information and belief, this store sells low-end and remaindered footwear

7. Defendant's "ABQ Shoes" mark is confusingly similar to Plaintiff's "ABQ Comfort Shoes" mark.

8. Despite demand, Defendant has refused to cease its use of the "ABQ Shoes" mark.

## Count I – Trademark Infringement Under the Lanham Act

9. Plaintiff incorporates paragraphs 4 through 8, *supra*, by reference as though fully set forth herein.

10. Defendant's use of the "ABQ Shoes" mark has caused, and is likely to continue to cause, dilution by blurring of Plaintiff's "ABQ Comfort Shoes" mark in violation of 15 U.S.C. 1125(c).

11. Defendant's use of the "ABQ Shoes" mark has caused, and is likely to continue to cause, dilution by tarnishment of Plaintiff's "ABQ Comfort Shoes" mark in violation of 15 U.S.C. 1125(c).

12. Pursuant to 15 U.S.C. 1125(c)(1), Plaintiff is entitled to an injunction prohibiting Defendant from continuing to use the "ABQ Shoes" mark in the context of the sale of shoes in the Albuquerque metropolitan area.

13. Upon information and belief, Defendant used the "ABQ Shoes" mark willfully and with the intent to trade on the recognition of Plaintiff's "ABQ Comfort Shoes" mark, thereby

entitling Plaintiff to an award of damages against Defendant in accordance with 15 U.S.C. § 1117(a).

## Count II – Trademark Infringement Under the New Mexico Trademark Act

14. Plaintiff incorporates paragraphs 4 through 8, *supra*, by reference as though fully set forth herein.

15. Plaintiff's "ABQ Comfort Shoes" mark is famous within the meaning of NMSA 1978, § 57-3B-15(A).

16. Defendant's use of the "ABQ Shoes" mark has caused, and is likely to continue to cause, dilution of Plaintiff's "ABQ Comfort Shoes" mark within the meaning of NMSA 1978, § 57-3B-3(B).

17. Pursuant to NMSA 1978, § 57-3B-15(B), Plaintiff is entitled to an injunction prohibiting Defendant from continuing to use the "ABQ Shoes" mark in the context of the sale of shoes in the Albuquerque metropolitan area.

## Count III – Violation of the Unfair Practices Act

18. Plaintiff incorporates paragraphs 4 through 8, *supra*, by reference as though fully set forth herein.

19. Defendant's use of the "ABQ Shoes" mark constitutes an unfair and/or deceptive trade practice within the meaning of NMSA 1978, § 57-12-2(D).

20. Plaintiff is likely to be damaged by Defendant's unfair and/or deceptive trade practice.

21. Pursuant to NMSA 1978, § 57-12-10(A), Plaintiff is entitled to an injunction prohibiting Defendant from continuing to use the "ABQ Shoes" mark in the context of the sale of shoes in the Albuquerque metropolitan area.

22. Plaintiff is also entitled to recover its actual damages from Defendant's unfair and/or deceptive trade practice pursuant to NMSA 1978, § 57-12-10(B).

23. Upon information and belief, Defendant willfully engaged in the stated unfair and/or deceptive trade practice, so this award of damages should be trebled in accordance with § 57-12-10(B).

24. Plaintiff is entitled to an award of the attorney's fees it incurs in this matter pursuant to NMSA 1978, § 57-12-10(C).

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief:

A. An injunction pursuant to the Lanham Act, the New Mexico Trademark Act, and/or the New Mexico Unfair Practices Act, prohibiting Defendant from continuing to use the "ABQ Shoes" mark in the context of the sale of shoes in the Albuquerque metropolitan area;

B. An award of compensatory damages against Defendant under the Lanham Act or the New Mexico Unfair Practices Act;

C. An award against Defendant for the costs and attorney's fees Plaintiff incurs in this matter; and

D. Such further and additional relief as the Court deems appropriate.

Respectfully submitted,

HINKLE SHANOR LLP

By  /s/ Benjamin F. Feuchter
    Benjamin F. Feuchter
    7601 Jefferson NE, Suite 160
    Albuquerque, NM  87109
    (505) 858-8320
    bfeuchter@hinklelawfirm.com
    *Attorneys for Plaintiff*

FILED IN MY OFFICE
DISTRICT COURT CLERK
7/6/2018 11:59 AM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

JETS, LLC, a New Mexico limited
liability company,

      Plaintiff,

v.                                                                          No. D-202-CV-2018-05087

ROCKY MOUNTAIN MEDIA SERVICES, INC.,
a New Mexico corporation,

      Defendant.

## CERTIFICATION REGARDING ARBITRATION UNDER RULE 603

      COMES NOW, attorneys for Plaintiff, Hinkle Shanor LLP and herby certify that:

_____ This case is subject to referral to arbitration under Local Rule 603. No party seeks relief other than a money judgment and no party seeks an award excess of $25,000, inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

__X__ This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000, inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

                                          Respectfully submitted,

                                          HINKLE SHANOR LLP

                                          By  */s/ Benjamin F. Feuchter*
                                                Benjamin F. Feuchter
                                                7601 Jefferson NE, Suite 160
                                                Albuquerque, NM 87109
                                                (505) 858-8320
                                                bfeuchter@hinklelawfirm.com
                                                *Attorneys for Plaintiff*

| SUMMONS ON COMPLAINT | |
|---|---|
| STATE OF NEW MEXICO<br>COUNTY OF BERNALILLO<br>SECOND JUDICIAL DISTRICT<br>400 Lomas Blvd. NW<br>Albuquerque, NM 87102<br>Tel: 505-841-8400 | Case Number: D-202-CV-2018-05087<br><br>Judge: Barela-Shepherd, Denise |
| JETS, LLC, a New Mexico limited liability company, Plaintiff,<br>v.<br>ROCKY MOUNTAIN MEDIA SERVICES, INC., a New Mexico corporation, Defendant. | ROCKY MOUNTAIN MEDIA SERVICES, INC.<br>Registered Agent: Theresa Riddle |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

    1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6.    If you need an interpreter, you must ask for one in writing.

    7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of **7/9/2018**,

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: /s/ Latoya Hayes
    Deputy Clerk

*/s/ Benjamin Feuchter, Attorney at Law*
Benjamin Feuchter
HINKLE SHANOR LLP
7601 Jefferson, Suite 180
Albuquerque, NM 87109
Telephone: 505-858-8320
Fax: 505-858-8321
Email: bfeuchter@hinklelawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO    )
                                              )ss
COUNTY OF_____    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in_____ county on the_____ day of _____,_____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(*check one box and fill in appropriate blanks*)

[ ]   to the defendant_____(*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant_____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____(*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to_____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____(*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at_____(*insert defendant's last known mailing address*).

[ ]   to_____, an agent authorized to receive service of process for

defendant_____.

[ ]     to_____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____(*used when defendant is a minor or an incompetent person*).

[ ]     to_____(*name of person*),_____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:   _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this_____day of_____,_____.[2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013; as amended by Supreme Court Order No. 13-8300-022, effective for all cases pending or filed on or after December 31, 2013; as amended by Supreme Court Order No. 14-8300-017, effective for all cases pending or filed on or after December 31, 2014.]